IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Case No. RWT 15-cr-0378 |
| | * | |
| **TERRANCE DEANGELO HAMLIN** | * | |

## MEMORANDUM OPINION

The Court has before it two *ex parte* petitions, filed under seal, for the issuance of subpoenas pursuant to Fed. R. Crim. P. Rule 17(c) (ECF Nos. 27, 28), and the Government's Motion to Deny Defendant's Request for Rule 17(c) Subpoenas, and for Inspection of All Materials Received in Response to Rule 17(c) Subpoenas (ECF No. 33). The Court heard oral argument on these motions on January 4, 2016. ECF No. 39.

Although Rule 17(b) allows an *ex parte* application to a court by a defendant who is unable to pay witness fees, Rule 17(c) is silent about whether an *ex parte* application for pre-trial production of documents is permitted. Fed. R. Crim. P. 17. Some courts, including courts in this Circuit, have found that an *ex parte* Rule 17(c) process may be available only in limited circumstances. *See United States v. Beckford,* 964 F. Supp. 1010, 1030 (E.D. Va. 1997); *United States v. Hang,* 75 F.3d 1275, 1281–82 (8th Cir. 1996); *United States v. Daniels,* 95 F. Supp. 2d 1160, 1162–63 (D. Kan. 2000). A motion for issuance of a subpoena pursuant to Rule 17(c) is properly brought *ex parte* only "[i]n those rare situations where mere disclosure of the application for a pretrial subpoena would (i) divulge trial strategy, witness lists or attorney work-product; (ii) imperil the source or integrity of subpoenaed evidence; or (iii) undermine a fundamental privacy or constitutional interest of the defendant." *Beckford,* 964 F. Supp. at 1030;

*see also United States v. Smith*, No. RWT 09CR00213, 2010 WL 4291953, at *1-2 (D. Md. Oct. 29, 2010). The court in *Beckford* explained that an *ex parte* process might be proper in cases, for example, where a defendant sought his own mental or physical health records where such information was pertinent to the case, or "where state law enforcement agencies or courts have concluded investigations or proceedings and are not involved in the federal prosecution" and "the requested records are obviously linked to a specific defense theory." *Beckford,* 964 F. Supp. at 1030. The court emphasized, however, that in most cases, "it will not be necessary to disclose trial strategy, divulge witnesses or work product, or implicate a privacy right merely to make the application for issuance of a pre-trial subpoena *duces tecum*. And, a party seeking to proceed *ex parte* will have to meet a heavy burden to proceed in that fashion." *Id.*

Defendant seeks leasing and security log information relating to an apartment where a search warrant was executed and Defendant was arrested. ECF Nos. 27; 28; 33 at 1. Defendant fails to meet his heavy burden to proceed *ex parte* in this matter—in fact, the subpoenas themselves scarcely justify proceeding *ex parte*. *See United States v. Bennett*, No. 2:13-CR-00320, 2014 WL 801042, at *2-3 (S.D.W. Va. Feb. 28, 2014). The information sought, relating to the circumstances surrounding a search and arrest, simply do not constitute the "rare situation" contemplated by *Beckford*. *See Beckford*, 964 F. Supp. at 1030.

Defendant fails to indicate how disclosure of these Motions would imperil the sources of the subpoenaed evidence and does not indicate what privacy or constitutional interests, if any, would be undermined if these motions were not acted upon *ex parte*. Defendant's response to the Government's motion is that "[a] proper showing of relevance will necessarily involve not only an explanation of how documents are relevant but how they will be used, and disclosure of this information will almost always involve a disclosure of defense strategy to which the

Government is unquestionably not entitled." ECF No. 34 at 6-7. Contrary to the oft-cited holding by the *Beckford* court, 964 F. Supp. at 1030 ("Ordinarily, *ex parte* procedure will be unnecessary and thus inappropriate."), Defendant argues that the need for an *ex parte* petition "will not be a rare circumstance," *id.* at 7. The Court finds this position legally unsupported and insufficient. The Court shall therefore order that the petitions be unsealed.

Once the Court has determined whether the application process should be conducted *ex parte,* it must assess whether the proposed subpoena and the petition in support meet the standards set forth in *United States v. Nixon,* 418 U.S. 683 (1974). Under *Nixon*, the Court may issue a pretrial subpoena under Rule 17(c) if the defendant satisfies the burden of proof as to relevance, admissibility, and specificity. To do that, the party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.

*Id.* at 699-700*; see also United States v. Richardson,* 607 F.3d 357, 368 (4th Cir. 2010). "If a satisfactory showing is made, the court, at its discretion may issue the subpoena, require pretrial production, and permit pretrial inspection by one or more of the parties." *Beckford,* 964 F. Supp. at 1031.

The Court has considered Defendant's petitions and concludes that he has satisfied his burden under *Nixon* in all but one respect: Defendant's request from the security company for "any and all records pertaining" to the apartment complex lacks specificity and will not be granted. The purpose of Rule 17(c)'s allowance for pre-trial production of records is to "expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States,* 341 U .S. 214, 220 (1951). Rule 17(c) was *not*

intended to be used as a discovery alternative to Rule 16. *Id; see also Richardson,* 607 F.3d 357, 368 (4th Cir. 2010) ("[A] fundamental concern is that the subpoena *duces tecum* is not intended to provide a means of pretrial discovery…"); 2 Wright *Federal Practice and Procedure: Criminal* § 274 at 153 and n. 16 (1982) ("[I]t has always been clear that Rule 17(c) was not intended as a discovery device...."). The remainder of the information sought is sufficiently specific and will likely reveal relevant evidence regarding the circumstances surrounding the execution of the search warrant and Defendant's arrest; as such, the information is necessary to Defendant's formulation of his trial strategy for both the hearing on his pretrial motions and the trial. Therefore, the Court shall order that the subpoenas be issued, but limited to the security log for June 9, 2015, and documents or records pertaining thereto.

Finally, Rule 17(c) provides that "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. (17c)(1). Defendant here requests that the subpoenas "be returnable to the Office of the Federal Public Defender" in lieu of the Court. ECF No. 27 at 2; ECF No. 28 at 2. Even if this were allowable under the Rule, it is not appropriate here. As the Government points out, security issues persist in this case and some safeguards must be established. ECF No. 32 at 2, 10. Accordingly, the Court will order that the documents be produced to the Clerk of the Court for joint inspection, and both parties must confer as to what restrictions on use, if any, may be appropriate to safeguard the information contained in the documents. If they are unable to agree, any further access to the documents shall be subject to further order of the Court.

A separate order follows.

Dated: February 8, 2016                                           /s/
                                                           ROGER W. TITUS
                                                     UNITED STATES DISTRICT JUDGE